1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRUCE L. AMICO,

           Petitioner,

           v.

ROBERT H. TRIMBLE, Warden,

           Respondent.

)
)
)
)
)
)
)
)
)
)
)

NO. SACV 12-484-DDP (AGR)

ORDER TO SHOW CAUSE

      On March 29, 2012, Petitioner filed a Petition for Habeas Corpus
("Petition") pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it
appears the court lacks jurisdiction of the Petition and the one-year statute of
limitations has expired.

      The court, therefore, orders Petitioner to show cause, on or before **May 7,
2012**, why the court should not recommend dismissal of the petition with
prejudice based on lack of jurisdiction and/or expiration of the one-year statute of
limitations.

# I.

## PROCEDURAL BACKGROUND

On April 8, 1970, Petitioner was sentenced to five years to life for robbery and assault with a deadly weapon. (Petition at 2.) Petitioner did not appeal. (*Id.*; Petition, Memorandum ("Memo") at 1.) Petitioner states the sentence has been discharged and he is currently in custody based on a different conviction. (Petition at 2.)

On July 20, 2011, the Orange County Superior Court denied Petitioner's state habeas petition. (*Id.* at 3-4 & Exh. 3.) On September 29, 2011, the California Court of Appeal denied Petitioner's state habeas petition without explanation. (*Id.* at 4 & Exh. 4.) On February 15, 2012, the California Supreme Court denied Petitioner's state habeas petition with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *In re Clark*, 5 Cal. 4th 750 (1993).

On March 20, 2012, Petitioner constructively filed the instant Petition in this court. (Petition, back of envelope.) Petitioner raises two grounds: (1) Judge McMillan did not have jurisdiction over his 1970 criminal case because his oath of office was not on file with the California Secretary of State; and (2) the prosecutor did not have jurisdiction to prosecute Petitioner because he did not have his oath of office on file with the County Clerk. (Memo at 3.)

# II.

## JURISDICTION

"Section 2254(a)'s in custody requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed." *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and quotation marks omitted).

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render

1  an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng v.*
2  *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam).
3  "[W]hat matters is that [the conditions and restrictions of the petitioner's release]
4  restrain petitioner's liberty to do those things which in this country free men are
5  entitled to do."  *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed.
6  2d 285 (1963).

7       Petitioner concedes that his 1970 sentence has been "discharged."
8  (Petition at 2.)  However, he states that his 1970 conviction has been "used as
9  the basis for current Three-Strike conviction."  (*Id.*; Memo at 2 ("two felonies from
10  April of 1970 are the basis of his current Three-Strike conviction in San Diego
11  County, No. 117308, dated March 11, 1997").

12       In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S. Ct.
13  1567, 149 L. Ed. 2d 608 (2001),  Coss was convicted of various crimes in 1986.
14  *Id.* at 397.  In 1990, after he was released from custody, Coss was again
15  convicted of a crime.  *Id.* at 398.  Coss was sentenced to 6-12 years in state
16  prison.  *Id.* at 399.  In 1994, Coss filed a federal habeas petition based on his
17  1986 conviction because of the effect it had on his 1990 conviction.  *Id.*

18       The Supreme Court held that Coss could not bring a habeas petition
19  "directed solely at [the 1986] convictions."  *Id.* at 401.  "[O]nce a state conviction
20  is no longer open to direct or collateral attack in its own right because the
21  defendant failed to pursue those remedies while they were available (or because
22  the defendant did so unsuccessfully), the conviction may be regarded as
23  conclusively valid.  If that conviction is later used to enhance a criminal sentence,
24  the defendant generally may not challenge the enhanced sentence through a
25  petition under § 2254 on the ground that the prior conviction was
26  unconstitutionally obtained."  *Id.* at 403-04; *see also Nunez v. Ramirez-Palmer*,
27  485 F.3d 432 (9th Cir. 2007).

28

1  Therefore, it appears the court does not have jurisdiction to consider the

2  petition.

3  **III.**

4  **STATUTE OF LIMITATIONS**

5  The Petition was filed after enactment of the Antiterrorism and Effective

6  Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in

7  reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

8  L. Ed. 2d 481 (1997).

9  The AEDPA contains a one-year statute of limitations for a petition for writ

10  of habeas corpus filed in federal court by a person in custody pursuant to a

11  judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

12  running on the latest of either the date when a conviction becomes final under 28

13  U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

14  **A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

15  Petitioner was sentenced on April 8, 1970, and did not appeal.  (Petition at

16  2.)  Petitioner's conviction became final 60 days later on June 8, 1970.[1]

17  California Rules of Court 8.308(a) (formerly Rule 30.1).  Because the conviction

18  became final before the AEDPA was enacted, the limitations period expired on

19  April 24, 1997.  *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  The

20  Petition was constructively filed on March 20, 2011, over 14 years after the

21  limitations period expired.  Absent tolling, the Petition is time-barred.

22  **1.     Statutory Tolling**

23  The statute of limitations is tolled during the time "a properly filed

24  application for State post-conviction or other collateral review with respect to the

25  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

26

27

28  _____

[1]  June 7, 1970 fell on a Sunday.

4

The Orange County Superior Court's decision indicates the Petitioner filed a previous state habeas petition in 2005.  (Petition, Exh. 3 at 1.)  Because Petitioner did not file his first state habeas petition until 2005, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).  Absent equitable tolling, the petition is time-barred.

## 2.    Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

There is no indication in the Petition that Petitioner is entitled to equitable tolling.

## B.    Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to

run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner states he recently discovered that in his 1970 Orange County Case No. C-22766 neither Judge Byron K. McMillan nor the prosecutor had filed oaths of office with the California Secretary of State and County Clerk-Recorder. (Petition, Declaration ¶¶ 2-6.)  Petitioner attaches a letter from the California Secretary of State dated May 2, 2011, which states it has "no document responsive to this request" for an oath of office for Judge "Byron K. McMillan, 1970." (Petition, Exh. 1.)  Petitioner also attaches a letter from the Clerk-Recorder dated May 19, 2011, in response to a Public Records Act request that states it "does not possess any records that are responsive to this item" and referencing Pat Brian.  (Petition, Exh. 2.)  Petitioner argues that Judge McMillan had no jurisdiction to preside over his 1970 case, and the prosecutor had no jurisdiction to prosecute him.[2]  (Memo at 2.)

Petitioner argues that neither he nor his counsel could have discovered these facts earlier.  (*Id.* at 2.)  Petitioner's assertion is unsupported and makes no sense.  There is no reason to believe it would have been more difficult to obtain information about oaths on file at the time in 1970 than in 2011 or 2012.

It appears that the Petition is barred by the one-year statute of limitations.

---

[2]  The Attorney General's Opinions cited by Petitioner indicate Petitioner's argument has no merit in any event.  One opinion makes clear that "the fact that Relators have not located any of Defendant's oaths of office in the county clerk's office does not establish that Defendant's oath of office was not filed in the appropriate office at the appropriate time."  No. 99-1211, 83 Ops. Cal. Atty. Gen. 63, 67, 2000 Cal. AG LEXIS 12 (Mar. 8, 2000).  Another opinion states: "It is sufficient the Defendant's oath of office was taken before he began serving in office and is currently on file in the office of a deputy clerk for the Superior Court of California . . . ."  (No. 99-1212, 83 Ops. Cal. Atty. Gen. 70, 74, 2000 Cal. AG LEXIS 14 (Mar. 14, 2000).  The applicant's argument that the oath was not on file with the county clerk raised no substantial question of law or fact.  (*Id.*)

1

2

**IV.**

**ORDER TO SHOW CAUSE**

3          IT IS THEREFORE ORDERED that, on or before ***May 7, 2012***, Petitioner

4   shall show cause, if there be any, why the court should not recommend dismissal

5   with prejudice of the petition based on lack of jurisdiction and/or expiration of the

6   one-year statute of limitations.

7          **Petitioner is also advised that if he fails to timely respond to this**

8   **order to show cause, the court will recommend that the petition be**

9   **dismissed with prejudice based on expiration of the one-year statute of**

10  **limitations.**

11

12  DATED: April 10, 2012

13                                              _____
                                                ALICIA G. ROSENBERG
14                                              United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28